FILED
August 12, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002850076

MARK L. POPE, #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, CA 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>ROXANNE HARVEY,<br><br><br><br><br><br>Debtor. | Case No. 10-13905-A-7<br>Chapter 7<br>DC No. UST-1<br><br>Date: September 15, 2010<br>Time: 9:00 a.m.<br>Place: U.S. Bankruptcy Court<br>Department A, Courtroom 11<br>2500 Tulare Street<br>Fresno, California<br>Judge: Whitney Rimel |

UNITED STATES TRUSTEE'S MOTION
FOR REVIEW OF FEES PURSUANT TO 11 U.S.C. § 329

TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE:

August B. Landis, the Acting United States Trustee, files this motion for review of fees in the case of Roxanne Harvey (the "Debtor") pursuant to 11 U.S.C. § 329(b) as follows:

1. The Motion requests that fees paid to bankruptcy counsel for the Debtor, George Holland, Jr., Esq., Holland Law Firm, 1970 Broadway #1030, Oakland, California 94612, be reviewed and disgorged, and any agreement cancelled, pursuant to 11 U.S.C. §329(b) and Rule 2017 of the Federal Rules of Bankruptcy Procedure.

I.  STATEMENT OF FACTS

2. A voluntary petition for liquidation under chapter 7 was filed by attorney George

1. Holland, Jr. ("Holland") on behalf Roxanne Harvey (the "Debtor") on April 13, 2010 (the "Petition Date".) Holland signed the petition with "/s/" as counsel of record for the Debtor.

3. Sheryl Ann Strain was appointed the chapter 7 trustee. The first date set for the Section 341(a) meeting of creditors was May 14, 2010.

4. The petition was filed as a "skeletal" petition, and a Notice Of Incomplete Filing And Notice Of Intent To Dismiss Case If Documents Are Not Timely Filed ("NOID") was entered on April 14, 2010, requiring that the missing schedules, statements and certificate of Credit Counseling be filed no later than April 27, 2010. **Exhibit "1"**.

5. On April 27, 2010, Holland filed an Application To Extend Time to file the missing documents[1] [**Exhibit "2"**] and on May 6, 2010, an Order of this Court was entered granting an extension of time to file the missing documents until May 11, 2010.

6. The missing documents were filed a day after the deadline, on May 12, 2010.

7. Among the documents filed on May 12, 2010, was a "Disclosure of Compensation of Attorney For Debtor" stating that Holland received $1,000 for services as counsel for the Debtor. **Exhibit "3"**. This form indicates that, in return for the $1,000, Holland agreed to, among other things, represent the debtor at the meeting of creditors. See paragraph 5.c. of **Exhibit "3"**. In addition, the Statement of Financial Affairs, also filed on May 12, 2010, states that Holland was paid $1,648 on April 12, 2010.

8. On May 14, 2010, only two days after the schedules and statements were filed, the Debtor appeared with special appearance counsel at the initial 341(a) meeting of creditors. The special appearance attorney, Marshall Mushigian, advised the Debtor that he was unfamiliar with the Debtor's case. *See* Declaration of Roxanne Harvey, ¶ 12, filed concurrently with this Motion.

9. Because the chapter 7 trustee was not served with the schedules and statements filed

---

[1]The Application to Extend Time filed on April 27, 2010, and an amended Application to Extend Time filed on May 5, 2010, were both signed by two attorneys for the Debtor: Holland, and "Henri E. Norris, Esq, DC Bar# 370646". Henri E. Norris is also named as attorney for the Debtor in the upper left hand corner of the caption page of the pleading. A search of the California State Bar attorney search (http://members.calbar.ca.gov/search/member.aspx) does not show Henri E. Norris as a member of the State Bar of California.

2

two days before the 341(a) meeting, and the documents were not yet showing on PACER, the trustee did not examine the Debtor, and continued the 341(a) meeting to June 4, 2010.

10. On May 24, 2010, the Debtor met with attorney Trudi G. Manfredo, who advised the Debtor her case should be dismissed. Since it was in Debtor's best interest to let the case be dismissed, the Debtor decided to not appear at the continued 341(a) meeting. Even though Holland was not advised the Debtor would not attend the continued 341(a) meeting, no attorney appeared on the Debtor's behalf at the continued meeting on June 4, 2010. *See* Declaration of Roxanne Harvey, ¶ 12.

11. The court issued an Order to Show Cause Re Dismissal or Imposition of Sanctions Combined with Notice Thereof (OSC) to the debtor and debtor's counsel for failure to attend § 341 meeting. The hearing was set for July 7, 2010. Debtor appeared at the OSC, but Holland did not appear, and an Order Dismissing Case was filed on July 13, 2010.

12. In her Declaration filed concurrently with this Motion, the Debtor states, among other things, that:

    A. She and her husband own their residence in Fresno, California. The mortgage payments are current, and there has never been a foreclosure sale set on the house. Declaration of Roxanne Harvey ¶ 3.

    B. The Debtor provided asset and creditor information to Holland's office, but the Debtor was not given an opportunity to review the petition and schedules before they were filed. Declaration of Roxanne Harvey ¶¶ 4, 6.

    C. Although the petition and schedules show Debtor's signature with a "/s/", the Debtor did not sign the petition or schedules. Declaration of Roxanne Harvey ¶ 4.

    D. The case was filed without Debtor's knowledge. She did not become aware of the filing until she received notice from the court of the meeting of creditors. Declaration of Roxanne Harvey ¶ 4.

    E. The Debtor never met with Holland or any member of Holland's firm. Declaration of Roxanne Harvey ¶ 2.

    F. The Debtor, through Debtor's husband, paid Holland $1,000 up front, and delivered to post-dated checks in the amounts of $400 and $399.

13. Under the facts of this case, the United States Trustee requests that all fees paid to Holland be reviewed and disgorged, and any agreement with Debtor be cancelled, pursuant to 11

U.S.C. §329(b) and Rule 2017 of the Federal Rules of Bankruptcy Procedure.

## II. AUTHORITY AND ARGUMENT

14. Section 329(b) of the Bankruptcy Code provides that where an attorney's agreement for compensation in connection with a case:

> "exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –
> (1) the estate, if the property transferred –
>    (A) would have been property of the estate; or
>    (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
> (2) the entity that made such payment."

11 U.S.C. §329(b)

15. Rule 2017(a) of the Federal Rules of Bankruptcy Procedure further provides that on motion of any party in interest or on the court's own initiative, after notice and a hearing, the court may determine whether any payment of money or any transfer of property made by a debtor in contemplation of the filing of a bankruptcy petition to an attorney, for services rendered or to be rendered, is excessive.

16. It is well recognized that "an attorney is presumed to know the law, and it is incumbent upon an attorney to know the law in an area in which he is practicing, particularly when rendering legal advice." Matter of Gettys 205 B.R. 515, 524 (Bkrtcy.S.D.Ohio 1997); *see also* Sica v. United States, 325 F.2d 831, 836 (9th Cir.1963) (attorneys are expected to know the law of the case they are trying.)

17. This case involves critical failures by Holland: The Debtor (1) never personally met with Holland; (2) had no opportunity review the bankruptcy petition and schedules before they were filed; (3) did not sign the petition and schedules; and (4) and did not even know the case was filed until she received notice from the Court.

18. There was no reason for an emergency filing of this bankruptcy petition. The Debtor is current on her mortgage payments, and no foreclosure sale has ever been set on her house.

19. Holland failed to appear at the original 341 meeting and chose to have another

1 | attorney, who knew nothing about the case, make a special appearance. Neither Holland, nor any
2 | representative for Holland, appeared at the continued 341.

3 |     20. After experiencing serious problems with the case she had not authorized in the first
4 | place, the Debtor sought alternate legal advice and learned that the case should be dismissed.

5 |     21. The initial burden under section 329(b) is on the attorney to justify the compensation
6 | charged in connection with a bankruptcy case. *In re Jackson*, 253 F.3d 438, 443 (9th Cir. 2001);
7 | *In re Mahendra*, 131 F.3d 750, 757 (8th Cir. 1997); *In re Bashan*, 208 B.R. 926, 931-932 (B.A.P.
8 | 9th Cir. 1997); *In re Xebec* 147 B.R. 518, 524 (B.A.P. 9th Cir. 1992). The court has broad
9 | discretion under section 329(b) to disallow and require disgorgement of attorney compensation
10 | found to be excessive. *In re Clark,* 223 F3d 859, 863 (8th Cir. 2000).

11 |     22. The Debtor's case has been dismissed. Under all the circumstances, Holland's fees
12 | of $1,000 are excessive for the services rendered, and should be disgorged in their entirety. 11
13 | U.S.C. §329(b) and Fed. R. Bankr. P. 2017; *see also* <u>Matter of Grant</u>, 14 B.R. 567, 569
14 | (Bankr.S.D.N.Y.1981) - "Where an attorney in a bankruptcy case fails to perform competently
15 | and efficiently those legal services for which a debtor has contracted, it is appropriate for the
16 | Court to review the compensation arrangement and, among other things, to direct a remittance to
17 | the debtor in a no-asset Chapter 7 case."

18 |     WHEREFORE, based on the above, the United States Trustee respectfully requests that
19 | this Court review Holland's fees, order disgorgement of all fees paid to Holland in this case,
20 | cancel any agreement for the payment of fees relating to this case, and that the United States
21 | Trustee have such other and further relief as is just and proper.

22 | DATED: August 12, 2010            Respectfully submitted,

Mark L. Pope
Assistant United States Trustee

By: /S/ _____
        Gregory S. Powell

Attorney for August B. Landis,
Acting United States Trustee
Direct phone: 559-487-5002 x225
E-mail: Greg.Powell@usdoj.gov