FILED
August 12, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002850078

4
MARK L. POPE, #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
255 Tulare Street, Suite 1401
Fresno, CA 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorney for Sara L. Kistler,
Acting United States Trustee

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In the Matter of | Case No. 10-13905-A-7 |
| | Chapter 7 |
| ROXANNE HARVEY, | DC No. UST-1 |
| Debtor. | Date: August 13, 2010 |
| | Time: 9:00 a.m. |
| | Place: U.S. Bankruptcy Court |
| | Dept. A, Courtroom 11 |
| | 2500 Tulare Street |
| | Fresno, CA |
| | Judge: Whiteny Rimel |

**DECLARATION OF ROXANNE HARVEY IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR REVIEW OF FEES PURSUANT TO 11 U.S.C. § 329**

I, Roxanne Harvey, do declare as follows:

1. My name is Roxanne Harvey. I am the named Debtor in the above-captioned case, and am a resident of Fresno County, California. I am married to Etienne Harvey. I am over eighteen (18) years of age, of sound mind and fully competent to make this declaration. I have personal knowledge of the facts contained in this declaration, and they are all true and correct.

2. I have never met George Holland, Jr., or any member of

1

his firm.

3. Among my assets is my residence 2715 N. Marty Avenue in Fresno, California. I am current on my mortgage payments. There is not now and never has been a foreclosure sale set on my residence.

4. The above chapter 7 bankruptcy case was filed April 13, 2010. Only the petition had been filed. I was not provided with an opportunity to review the final drafts of the petition and schedules before they were filed. Although the petition and schedules show my signature with an "/s/", I did not sign the petition or schedules. I did not know the case had been filed until I had received notice from the court of the meeting of creditors. The first time I saw these schedules was when I first met with Attorney Trudi G. Manfredo on May 24, 2010, when she downloaded the documents for me.

5. I am informed and believe that my husband met with an individual of the George Holland, Jr. Law Firm ("Law Firm"). This individual was named Ms. Henri Norris. I am informed and believe that on that date he was asked to provide an did provide payment of $1,000 up front, and two post-dated checks in the amount of $400 and $399.

6. I provided information about my assets and creditors to the Law Firm on March 23, 2010.

7. My wages were garnished by the Franchise Tax Board for the months of February and March. The amount owed was approximately $3,500-$4,000. I am informed and believe that my husband contacted the Franchise Tax Board and requested that they stop garnishing my wages and that they garnish his wages instead.

2

That is why the garnishment of my wages was only in effect for two months. Because my husband's wages were then garnished by the Franchise Tax Board, this garnishment was unaffected by the bankruptcy, nor did we expect that it would be stopped by the bankruptcy.

8. The first meeting of creditors was scheduled for May 14, 2010.

9. I am informed and believe that on May 12, 2010, my husband was contacted by Christian Cooper of the Law Firm and told to send pay stubs and tax records to the trustee via facsimile.

10. At the meeting of creditors, no one from the Law Firm appeared; rather, an attorney I had never met appeared on my behalf. That attorney advised me that he was unfamiliar with my case.

11. At this meeting the Trustee said my case should be dismissed because the rest of the papers had not been timely filed in my case. She continued our meeting to June 4, 2010, she said to give the attorney a chance to salvage the case.

12. On May 24, 2010, I met with Attorney Trudi G. Manfredo. She reviewed the case and the facts surrounding our income, assets and debts and advised that the case should be dismissed. Attorney Manfredo in my presence emailed and spoke with the Trustee by telephone regarding the issues in my case. Since it was in my interest to have the case dismissed, I did not appear at the continued meeting of creditors. My attorney from the Law Firm did not appear either, but he had not been notified that I was not going to appear.

13. The Court subsequently issued an order to show cause

3

1 | regarding dismissal of my case which was set for hearing on July
2 | 7, 2010. I appeared at this hearing, but no one from the Law Firm
3 | appeared. Trudi G. Manfredo appeared on my behalf for that
4 | hearing.
5 |     I declare under penalty of perjury under the laws of the
6 | United States of America that the foregoing is true and correct to
7 | the best of my knowledge.
8 | Dated: 7-15-2010
9 |                                   Roxanne Harvey, Debtor