**3**

MARK L. POPE, #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, CA 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

FILED
August 12, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002850077

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>ROXANNE HARVEY,<br><br><br><br><br><br>Debtor. | Case No. 10-13905-A-7<br>Chapter 7<br>DC No. UST-1<br><br>Date: September 15, 2010<br>Time: 9:00 a.m.<br>Place: U.S. Bankruptcy Court<br>Department A, Courtroom 11<br>2500 Tulare Street<br>Fresno, California<br>Judge: Whitney Rimel |

**DECLARATION OF GREGORY S. POWELL IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION FOR REVIEW OF FEES PURSUANT TO 11 U.S.C. § 329**

I, Gregory S. Powell, do declare as follows:

1. I am a Trial Attorney employed by the United States Department of Justice, Office of the United States Trustee, in Fresno, California, and the attorney of record for the United States Trustee in this case. I am duly admitted to practice before this court and all courts in the State of California. This declaration is based upon facts of which I have personal knowledge, as well as judicially-noticeable facts, such as filing dates, apparent from the court's records in this proceeding. This declaration is made in my official capacity as a representative of the United States Trustee, without waiving the attorney client privilege or the work product privilege.

2. A voluntary petition for liquidation under chapter 7 was filed by attorney George

1

1 Holland, Jr. ("Holland") on behalf Roxanne Harvey (the "Debtor") on April 13, 2010 (the

2 "Petition Date".) Holland signed the petition with "/s/" as counsel of record for the Debtor.

3      3. Sheryl Ann Strain was appointed the chapter 7 trustee. The first date set for the

4 Section 341(a) meeting of creditors was May 14, 2010.

5      4. The petition was filed as a "skeletal" petition, and a Notice Of Incomplete Filing And

6 Notice Of Intent To Dismiss Case If Documents Are Not Timely Filed ("NOID") was entered on

7 April 14, 2010, requiring that the missing schedules, statements and certificate of Credit

8 Counseling be filed no later than April 27, 2010. **Exhibit "1"**.

9      5. On April 27, 2010, Holland filed an Application To Extend Time to file the missing

10 documents[1] [**Exhibit "2"**] and on May 6, 2010, an Order of this Court was entered granting an

11 extension of time to file the missing documents until May 11, 2010.

12      6. The missing documents were filed a day after the deadline, on May 12, 2010.

13      7. Among the documents filed on May 12, 2010, was a "Disclosure of Compensation of

14 Attorney For Debtor" stating that Holland received $1,000 for services as counsel for the Debtor.

15 **Exhibit "3"**. This form indicates that, in return for the $1,000, Holland agreed to, among other

16 things, represent the debtor at the meeting of creditors. See paragraph 5.c. of **Exhibit "3"**. In

17 addition, the Statement of Financial Affairs, also filed on May 12, 2010, states that Holland was

18 paid $1,648 on April 12, 2010.

19      8. On May 14, 2010, the date first set for the 341(a) meeting of creditors, the Debtor

20 appeared with special appearance counsel, Marshall Mushigian. Because the chapter 7 trustee

21 had not been served with a copy of the schedules and statements, and the documents were not yet

22 showing on PACER, the trustee did not examine the Debtor and continued the 341(a) meeting to

23 June 4, 2010.

---

[1] The Application to Extend Time filed on April 27, 2010, and an amended Application to Extend Time filed on May 5, 2010, were both signed by two attorneys for the Debtor: Holland, and "Henri E. Norris, Esq, DC Bar# 370646". Henri E. Norris is also named as attorney for the Debtor in the upper left hand corner of the caption page of the pleading. A search of the California State Bar attorney search (http://members.calbar.ca.gov/search/member.aspx) does not show Henri E. Norris as a member of the State Bar of California.

2

1    9. The court issued an Order to Show Cause Re Dismissal or Imposition of Sanctions
2 Combined with Notice Thereof (OSC) to the debtor and debtor's counsel for failure to attend §
3 341 meeting. The hearing was set for July 7, 2010. Debtor appeared at the OSC, but Holland did
4 not appear, and an Order Dismissing Case was filed on July 13, 2010.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: August 12, 2010.        \_\_\_\_\_/s/_____
                               Gregory S. Powell

                               E-filer: Gregory S. Powell
                               Attorney for August B. Landis,
                               Acting United States Trustee
                               Direct phone: 559-487-5002 x225
                               E-mail: greg.powell@usdoj.gov